IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DEBORAH D. TYLER & Husband, | ) | |
| ROBERT TYLER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | CV. NO. SA-12-CV-00909-DAE |
| BANK OF AMERICA, N.A., & | ) | |
| DEUTSCHE BANK NATIONAL | ) | |
| TRUST COMPANY, AS TRUSTEE | ) | |
| FOR THE | ) | |
| CERTIFICATEHOLDERS OF THE | ) | |
| MORGAN STANLEY ABS | ) | |
| CAPITAL I INC. TRUST 2004- | ) | |
| NC5, MORTGAGE PASS- | ) | |
| THROUGH CERTIFICATES, | ) | |
| SERIES 2004-NC5, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS'
SECOND AMENDED COMPLAINT

On April 22, 2013, the Court heard the Motion to Dismiss ("Motion")

filed by Defendants Bank of America, N.A. ("Bank of America") and Deutsche

Bank National Trust Company ("Deutsche Bank") (collectively, "Defendants").

("Mot.," Doc. # 22.)  Kenneth E. Grubbs, Esq., appeared at the hearing on behalf

of Plaintiffs Deborah D. Tyler and Robert Tyler ("Plaintiffs"); Matthew A. Knox,

1

Esq., and Nathan T. Anderson, Esq., appeared at the hearing on behalf of

Defendants.  After reviewing the Motion and the supporting and opposing

memoranda, the Court **GRANTS** Defendants' Motion.

<u>BACKGROUND</u>

On February 20, 2004, Plaintiffs obtained two loans, for $97,600 and

$24,400, from New Century Mortgage Corporation ("New Century").  ("SAC,"

Doc. # 21 ¶ 4.)  The loan for $97,600 was secured by a mortgage on property

located at 606 Heritage Way, San Antonio, Texas 78245 ("the Property").[1]  (Mot.

Ex. 1.)  The same day, Plaintiffs executed a promissory note ("the Note").[2]  (Mot.

---

[1]  The SAC does not allege which of the two loans Defendants attempted to foreclose upon.  Indeed, Plaintiffs do not specifically allege that Defendants attempted to foreclose on either.  However, in their Motion to Dismiss, Defendants state that "they do not purport to be the assignee of the . . . deed of trust or note" relating to the loan for $24,400.  (Mot. at 3 n.4.)  Presumably, then, that loan is not at issue in this case.

[2]  Defendants have attached copies of the Note, Deed of Trust, and Assignment of Deed of Trust to their Motion.  (Mot. Exs. 1–3.)  The Supreme Court has held that in deciding a motion to dismiss, a court may consider documents incorporated into the complaint by reference.  <u>Tellabs, Inc. v. Makor Issues & Rights, Ltd.</u>, 551 U.S. 308, 322 (2007).  By attaching documents to a motion to dismiss that are referred to in a plaintiff's complaint and that are central to his claim, "the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated."  <u>Collins v. Morgan Stanley Dean Witter</u>, 224 F.3d 496, 499 (5th Cir. 2000).  In this case, the Note, Deed of Trust, and assignment are central to Plaintiffs' claims and are properly considered by this Court.

Ex. 1.)  The Note states that Plaintiffs promise to pay New Century, "the Lender,"

in return for the loan received, and provides that "anyone who takes this Note by

transfer and who is entitled to receive payment under this Note is called the 'Note

Holder.'"  (Id.)  Plaintiffs also executed a Deed of Trust ("the Deed of Trust").

(Mot. Ex. 2.)  The Deed of Trust again identifies New Century as the "Lender,"

and states that:

> This Security Instrument secures to Lender: (i) the repayment of the
> Loan, and all renewals, extensions and modifications of the Note; and
> (ii) the performance of Borrower's covenants and agreements under
> this Security Instrument and the Note.  For this purpose, Borrower
> irrevocably grants and conveys to Trustee, in trust, with power of sale,
> the [Property].

(Id. at 3.)

On June 26, 2012, Stephen Allen Johnson, an Assistant Vice President

of Countrywide Home Loans, Inc. ("Countrywide"), under power of attorney for

New Century, executed an Assignment of Deed of Trust, which purported to

"grant, convey, assign, and transfer" the Deed of Trust from New Century to

Deutsche Bank, as Trustee for the Certificateholders of the Morgan Stanley ABS

Capital I Inc. Trust.  (Mot. Ex. 3.)  Plaintiffs allege that the assignment is void

because "[t]here does not appear to be any authority for the proposition that

[Countrywide] was given permission in 2012 to sign for New Century," and

"signing the document without proper authority would constitute a forgery."  (SAC

¶ 5.)  Plaintiffs further allege that "Countrywide was purchased by Bank of America in 2008 and did not exist after that point," so "the document is fake." (Id.)

According to Defendants, Plaintiffs failed to make timely mortgage payments, and foreclosure was scheduled for September 4, 2012.  (Mot. at 3–4.) On September 4, 2012, Plaintiffs filed a Complaint in state court.  (Doc. # 1 Ex. 1.) On September 26, 2012, Defendants filed a Notice of Removal in this Court.  (Doc. # 1.)  On October 3, 2012, Defendants filed a Motion to Dismiss Plaintiffs' Complaint.  (Doc. # 4.)  On October 24, 2012, Plaintiffs submitted a Motion to File an Amended Complaint (doc. # 9), which the Court granted on October 25, 2012. Plaintiffs' First Amended Complaint was filed that same day.  (Doc. # 10.)  On November 8, 2012, Defendants filed a Motion to Dismiss Plaintiffs' First Amended Complaint.  (Doc. # 15.)  On January 4, 2013, Plaintiffs again moved to file an amended complaint (doc. # 19), which the Court granted on March 25, 2013.  That same day, Plaintiffs filed a Second Amended Complaint ("SAC"). ("SAC," Doc. # 21.)  The SAC asserts causes of action for: (1) violations of the Uniform Commercial Code ("UCC") (SAC ¶¶ 12–14); (2) quiet title (id. ¶ 15); (3) violations of the Texas Civil Practice and Remedies Code § 12.002 (id. ¶ 16); and (4) breach of contract (id. ¶ 18).  The SAC also asserts that all defendants and their

4

agents "should be held liable for all acts or practices committed" under the doctrine of respondeat superior.  (Id. ¶ 17.)  Finally, Plaintiffs seek declaratory (id. ¶¶ 9–11) and injunctive relief (id. ¶ 21).

On April 1, 2013, Defendants filed the instant Motion to Dismiss. ("Mot.," Doc. # 22.)  On April 19, 2013, Plaintiffs filed a Response in Opposition to Defendants' Motion.  (Doc. # 29.)

## LEGAL STANDARD

### I.    Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted."  Review is limited to the contents of the complaint and matters properly subject to judicial notice.  See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007). In analyzing a motion to dismiss for failure to state a claim, "[t]he court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004)).  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

A complaint need not include detailed facts to survive a Rule 12(b)(6) motion to dismiss. See Twombly, 550 U.S. at 555–56. In providing grounds for relief, however, a plaintiff must do more than recite the formulaic elements of a cause of action. See id. at 556–57. "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678 (internal quotation marks and citations omitted). Thus, although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." Tuchman v. DSC Commc'ns Corp., 14 F.3d 1061, 1067 (5th Cir. 1994); see also Plotkin v. IP Axess Inc., 407 F.3d 690, 696 (5th Cir. 2005) ("We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.").

When a complaint fails to adequately state a claim, such deficiency should be "exposed at the point of minimum expenditure of time and money by the parties and the court." Twombly, 550 U.S. at 558 (citation omitted). However, the plaintiff should generally be given at least one chance to amend the complaint

6

under Rule 15(a) before dismissing the action with prejudice.  See Great Plains

Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 329 (5th Cir.

2002).

DISCUSSION

Plaintiffs' claims appear to rest upon two arguments: (1) that

Defendants are not the holder of the Note, and therefore do not have authority to

enforce it or foreclose upon the Property; and (2) that the assignment of the Deed

of Trust from New Century to Deutsche Bank was fraudulent and void.  In its

Motion, Defendants contend that both arguments are meritless.  First, Defendants

claim that they need not hold or produce the Note in order to foreclose upon

Plaintiffs' mortgage.  (Mot. at 10–12.)  Second, Defendants maintain that insofar as

Plaintiffs' claims are premised upon the argument that the assignment was

fraudulent and invalid, the claims must be dismissed because Plaintiffs lack

standing to challenge the validity of the assignment.  (Mot. at 5–8.)  The Court will

address these underlying arguments before addressing the merits of each of

Plaintiffs' claims individually.

I.      Holder of the Note

Plaintiffs assert that "because [Defendants are] not the proper holder

and owner of the notes . . . , Defendants do not have standing to foreclose."  (SAC

¶ 3.)  Defendants argue that they seek to enforce the Deed of Trust, not the Note, and need not hold both the Note and the Deed of Trust in order to foreclose upon the Property.  (Mot. at 12 ("[A]ny challenge to the foreclosure by Plaintiffs based on the mistaken proposition that the foreclosing party must be the holder of the Note <u>and</u> the Deed of Trust is groundless and cannot serve as the basis for any relief by Plaintiffs.").)  Defendants are correct.

Texas law differentiates between enforcement of a promissory note and a deed of trust.  "Where there is a debt secured by a note, which is, in turn, secured by a lien, the lien and the note constitute separate obligations."  <u>Aguero v. Ramirez</u>, 70 S.W.3d 372, 374 (Tex. App. 2002).  Thus, the right to recover on the promissory note and the right to foreclose may be enforced separately.  <u>See Stephens v. LPP Mortg.</u>, 316 S.W.3d 742, 747 (Tex. App. 2010) (finding that the promissory note and the lien which secures it are "separate legal obligations" that "may be litigated in separate lawsuits"); <u>Carter v. Gray</u>, 81 S.W.2d 647, 648 (Tex. 1935) ("It is so well settled as not to be controverted that the right to recover a personal judgment for a debt secured by a lien on land and the right to have a foreclosure of lien are severable, and a plaintiff may elect to seek a personal judgment without foreclosing the lien, and even without a waiver of the lien.").  Foreclosure is an independent action against the collateral and may be conducted

without judicial supervision.  <u>Bierwirth v. BAC Home Loans Servicing, L.P.</u>, No.

03-11-00644-CV, 2012 WL 3793190, at *4 (Tex. App. Aug. 30, 2012) (citing

<u>Reardean v. CitiMortgage, Inc.</u>, No. A-11-CA-420-SS, 2011 WL 3268307, at *3

(W.D. Tex. July 25, 2011)).  Enforcement of the promissory note, on the other

hand, is a personal action against the signatory and requires a judicial proceeding.

<u>Id.</u>

Chapter 51 of the Texas Property Code, which governs non-judicial

foreclosures, authorizes either a mortgagee or a mortgage servicer acting on behalf

of a mortgagee to sell real property under a "power of sale conferred by a deed of

trust."  <u>See</u> Tex. Prop. Code. §§ 51.002, 51.0025; <u>see also</u> <u>Miller v. Homecomings</u>

<u>Fin., LLC</u>, 881 F. Supp. 2d 825, 828–29 (S.D. Tex. 2012) ("Under the Texas

Property Code, the only party with standing to initiate a non-judicial foreclosure

sale is the mortgagee, or the mortgage servicer acting on behalf of the current

mortgagee.").  The Property Code defines a "mortgagee" as "(A) the grantee,

beneficiary, owner, or holder of a security instrument; (B) a book entry system; or

(C) if the security interest has been assigned of record, the last person to whom the

security interest has been assigned of record."  Tex. Prop. Code § 51.0001(4).

Accordingly, the Assignment of the Deed of Trust from New Century to Deutsche

Bank (Mot. Ex. 3), if properly recorded, authorizes Defendant Deutsche Bank to

foreclose on the Property as mortgagee, regardless of whether Defendants hold the Note or not.

However, the Court is not certain that the assignment of the Deed of Trust was, in fact, recorded.  Plaintiffs allege that the assignment produced by Defendants "appears to be an unrecorded copy of an assignment of Deed of Trust" (SAC  ¶ 5) and, indeed, nothing on the face of the assignment indicates that it was recorded.  Defendants note that the Deed of Trust was filed in the Official Public Records of Bexar County, Texas (Mot. at 3 n.1), but make no such guarantee regarding the assignment (id. at 3 n.4).

Nevertheless, the Court concludes that Defendants have standing to foreclose.  Defendants have possession of the original Note, having submitted a copy to the Court with their Motion to Dismiss.  (Mot. Ex. 1.)  The Note is indorsed in blank.  (Id.)  Under Texas law, physical possession of a promissory note that bears a blank indorsement establishes ownership and the right to collect. See Tex. Bus. & Com. Code § 3.205(b) ("When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed."); Kiggundu v. Mortg. Elec. Registration Sys. Inc., 469 F. App'x 330, 331–32 (5th Cir. 2012).  At the hearing, Plaintiffs acknowledged that

Defendants hold the Note.  As holders, Defendants have the right to enforce the

Note.

Furthermore, "under Texas law, the mortgage follows the note."

Kiggundu, 469 F. App'x at 332 (citing Lawson v. Gibbs, 591 S.W.2d 292, 294

(Tex. App. 1979)); United States v. Vahlco Corp., 720 F.2d 885, 891 (5th Cir.

1983)); see also Tex. Bus. & Com. Code § 9.203(g); id. cmt. 9 ("Subsection (g)

codifies the common-law rule that a transfer of an obligation secured by a security

interest or other lien on personal or real property also transfers the security interest

or lien.").  As the Fifth Circuit recently explained in similar circumstances:

> Because the note was endorsed in blank and the Bank of New York
> was in possession of the note, under Texas law, the Bank of New
> York was entitled to collect on it.  Moreover, under Texas law, the
> mortgage follows the note.  Thus, the Bank of New York was
> authorized to foreclose on the property when [Plaintiff] defaulted.
> Though [Plaintiff] attacks the validity of the assignment of the
> mortgage document—the deed of trust—to the Bank of New York,
> this argument is beside the point.  It was sufficient for the Bank of
> New York to establish that it was in possession of the note; it was not
> required to show that the deed of trust had been assigned to it.

Kiggundu, 469 F. App'x at 332–33 (internal citations omitted); see also Gilbreath

v. White, 903 S.W.2d 851, 854 (Tex. App. 1995) ("An assignment of the deed of

trust is not in evidence, but the collateral follows the promissory note obligation.").

Accordingly, since Defendants have shown that they hold the Note, they are not

required to show that the Deed of Trust has also been assigned to them in order to

foreclose.

II.     <u>Plaintiffs' Standing to Challenge the Validity of the Assignment</u>

Defendants assert that insofar as Plaintiffs' claims are premised upon

the argument that the assignment of the Deed of Trust was fraudulent and invalid,

they must be dismissed, because Plaintiffs lack standing to challenge the validity of

the assignment.[3]  (Mot. at 5–8.)  Numerous courts within this circuit have held that

a plaintiff-mortgagor does not have standing to assert claims on the basis of an

allegedly invalid assignment to which it was not a party.  <u>See, e.g.</u>, <u>Metcalf v.</u>

---

[3]  Defendants move to dismiss Plaintiffs' claims for lack of standing
pursuant to Federal Rule of Civil Procedure 12(b)(1), which authorizes a party to
seek dismissal of a claim for lack of subject-matter jurisdiction.  However,
Defendants assert that Plaintiffs cannot challenge the validity of an assignment to
which they were not a party, which is a challenge to Plaintiffs' <u>statutory standing</u>,
not Article III standing, and therefore not jurisdictional in nature.  <u>Blanchard 1986,</u>
<u>Ltd. v. Park Plantation, LLC</u>, 553 F.3d 405, 409 (5th Cir. 2008) ("This question of
whether or not a particular cause of action authorizes an injured plaintiff to sue is a
merits question, affecting statutory standing, not a jurisdictional question, affecting
constitutional standing.").  Thus, a dismissal for lack of standing in this case would
properly be granted under Rule 12(b)(6), not Rule 12(b)(1).  <u>See</u> <u>Harold H.</u>
<u>Huggins Realty, Inc. v. FNC, Inc.</u>, 634 F.3d 787, 795 n.2 (5th Cir. 2011).

In any event, Plaintiffs satisfy the requirements of Article III standing.  They
allege that they have an interest in the Property that would be lost if Defendants are
permitted to foreclose, that injury is fairly traceable to Defendants' attempt to
foreclose, and it would be redressed by a favorable ruling by this Court.  <u>See</u> <u>Lujan</u>
<u>v. Defenders of Wildlife</u>, 504 U.S. 555, 560–61 (1992) (holding that Article III
standing requires an injury in fact, fairly traceable to the challenged action of the
defendant, which will be redressed by a favorable decision).

Deutsche Bank Nat'l Trust Co., No. 3:11-CV-3014-D, 2012 WL 2399369, at *5

(N.D. Tex. June 26, 2012) ("Courts in this circuit have repeatedly held that

borrowers do not have standing to challenge the assignments of their mortgages

because they are not parties to those assignments."); DeFranceschi v. Wells Fargo

Bank, N.A., 837 F. Supp. 2d 616, 623 (N.D. Tex. 2011).  Others, however, relying

on Texas law, have held that a plaintiff-mortgagor may have standing, depending

on the nature of the challenges asserted.  See Routh v. Bank of Am., N.A., No. SA-

12-CV-244-XR, 2013 WL 427393, at *9 (W.D. Tex. Feb. 4, 2013).  This Court

falls into the latter category.  See Saucedo v. Deutsche Bank Nat'l Trust Co., SA-

12-CV-868, 2013 WL 656240, at *4 (W.D. Tex. Feb. 20, 2013).

        "Texas has long followed the common law rule which permits a

debtor to assert against an assignee any ground that renders the assignment void or

invalid."  Routh, 2013 WL 427393, at *8 (quoting Miller, 881 F. Supp. 2d at 831);

see also Tri-Cities Constr., Inc. v. Am. Nat'l Ins. Co., 523 S.W.2d 426, 430 (Tex.

Civ. App. 1975).  The rule has been stated as follows by the Texas Court of

Appeals:

> The law is settled that the obligors of a claim may defend the suit
> brought thereon on any ground which renders the assignment void,
> but may not defend on any ground which renders the assignment
> voidable only, because the only interest or right which an obligor of a
> claim has in the instrument of assignment is to insure himself that he
> will not have to pay the same claim twice.

<u>Tri-Cities</u>, 523 S.W.2d at 430 (citing <u>Glass v. Carpenter</u>, 330 S.W.2d 530, 537

(Tex. Civ. App. 1959)).  This rule accords with long-established principles of

contract law.  A void contract is "invalid or unlawful from its inception" and

therefore cannot be enforced.  17A C.J.S. Contracts § 169.  Thus, a mortgagor who

was not a party to an assignment between mortgagees may nevertheless challenge

the enforcement of an assignment if the assignment is void.  A voidable contract,

on the other hand, "is one where one or more of the parties have the power, by the

manifestation of an election to do so, to avoid the legal relations created by the

contract."  <u>Id.</u>  Accordingly, only the parties to a voidable contract may seek to

avoid its enforcement.

   In this case, Plaintiffs argue that the assignment of the Deed of Trust

from New Century to Deutsche Bank was fraudulent because it was signed by an

employee of Countrywide, and there "does not appear to be any authority for the

proposition that Countrywide . . . was given permission in 2012 to sign for New

Century."  (SAC ¶ 5.)  Plaintiffs maintain that "signing the document without

proper authority would constitute a forgery," and "[t]he document is fake."  (<u>Id.</u>)

   Under Texas law, deeds obtained by fraud are voidable rather than

void.  <u>Poag v. Flories</u>, 317 S.W.3d 820, 826 (Tex. App. 2010); <u>see</u> <u>Nobles v.</u>

<u>Marcus</u>, 533 S.W.2d 923, 925 (Tex. 1976) (finding that a deed procured by fraud is

voidable—not void—by the grantor).  Accordingly, a suit to set aside a deed

obtained by fraud can only be maintained by the defrauded party.  <u>Nobles</u>, 533

S.W.2d at 927 (citing <u>Smith v. Carter</u>, 45 S.W.2d 398, 400 (Tex. Civ. App. 1932)).

Thus, to the extent Plaintiffs argue that the assignment of the Deed of Trust was

fraudulent, they do not have standing to challenge the assignment's validity,

because a deed obtained by fraud is merely voidable.

However, a deed that is forged is void.  <u>Lighthouse Church of</u>

<u>Cloverleaf v. Tex. Bank</u>, 889 S.W.2d 595, 603 (Tex. App. 1994).  The Texas

Supreme Court has held that, "when a person signs his true name, purporting to act

as the agent of another, he generally has not committed a forgery."  <u>Nobles</u>, 533

S.W.2d at 926.  It further explained:

> An agent may commit forgery by signing an instrument in
> disobedience of his instructions or in improper exercise of authority,
> but one who executes an instrument purporting on its face to be
> executed by him as an agent, when in fact he has no authority to
> execute such instrument, is not guilty of forgery.

<u>Id.</u> at 927 (citation omitted).

Here, Plaintiffs allege that the assignment of the Deed of Trust was

forged because Stephen Allen Johnson, a Countrywide employee, signed it on

behalf of New Century despite the fact that Countrywide had no authority to

execute an assignment on New Century's behalf.  There is no dispute that Stephen

15

Allen Johnson signed his true name, which would normally preclude a finding that the document was forged, even if he purported to act as an agent without actual authority.  Id. at 926 ("[O]ne who signs his true name, and does not represent himself to be someone else of the same name, does not commit a forgery. . . ."); see also Great Am. Ins. Co. v. AFS/IBEX Fin. Servs., Inc., 612 F.3d 800, 806 (5th Cir. 2010) ("[T]he central requirement of forgery under Texas law is that there be deception as to the identity of the signer.").  Because Stephen Allen Johnson claimed to be signing under power of attorney for New Century, if the power of attorney itself were forged, his actions might constitute forgery.  Nobles, 533 S.W.2d at 926 (observing that where an individual signed his true name to a deed, but under a forged power of attorney, the deed was a forgery).  However, Plaintiffs do not allege that the power of attorney was forged; they merely assert that "signing the document without proper authority would constitute a forgery."  (SAC ¶ 5.)  Because Plaintiffs fail to plausibly allege that the assignment of the Deed of Trust was forged, they lack standing to challenge the validity of the assignment on this basis as well.

In any event, for reasons discussed below, the Court concludes that Plaintiffs fail to state any claim upon which relief can be granted.  The Court will address each of Plaintiffs' claims in turn.

16

III.    <u>Violations of the Texas Uniform Commercial Code</u>

   Plaintiffs bring a cause of action for "UCC violations," or violations of the Texas Uniform Commercial Code, codified by the Texas Legislature in the Texas Business and Commerce Code.  Specifically, citing to §§ 3.301, 3.309, and 3.418(d) of the Texas Business and Commerce Code, Plaintiffs allege that Defendants are not holders of the Note, "cannot prove the . . . elements of holder status" (SAC ¶ 12), and "cannot establish the chain of title to this transaction such that Defendant can prove that Defendant bank has the right to foreclose" (<u>id.</u> ¶ 14). Plaintiffs also allege that, "[p]ursuant to § 3.203 of the Texas Business and Commerce Code, Defendant Bank has no right to enforce the instrument due to the fraud and illegal acts of transferring the notes and deeds of trust after the closing date of the PSA."  (<u>Id.</u> ¶ 13.)

   Although it is difficult to be certain, the SAC appears to assert that Defendants would violate these provisions of the Texas Business and Commerce Code by attempting to enforce the Note.  (<u>Id.</u> ¶¶ 12–14.)  In their Motion, Defendants argue that Plaintiffs cannot prevail on this claim because Defendants seek foreclosure pursuant to the Deed of Trust, not the Note.  (Mot. at 12.)  Be that as it may, at this stage, the Court must accept all of Plaintiffs' allegations as true, including any allegation that Defendants have attempted to enforce the Note.

However, the SAC does not appear to allege that Defendants have attempted to enforce the Note.  In fact, the Court cannot find any allegation in the SAC that Defendants have attempted to foreclose at all.  The Court concludes that the SAC fails to allege that Defendants have attempted to enforce the Note.

Moreover, even if the SAC sufficiently alleged that Defendants had attempted to enforce the Note, Plaintiffs would fail to state a claim for violations of the Texas Business and Commerce Code.  Section 3.301 of the Texas Business and Commerce Code defines a "'[p]erson entitled to enforce' an instrument" as "(i) the holder of the instrument, (ii) a nonholder in possession of the instrument who has the rights of a holder, or (iii) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 3.309 or 3.418(d)."  Tex. Bus. & Com. Code § 3.301.  Defendants hold the Note, and are therefore persons "entitled to enforce" it under § 3.301.  Furthermore, § 3.301 is invoked to establish that a defendant is liable for conversion, Jones v. Wells Fargo Bank, N.A., 666 F.3d 955, 960–61 (5th Cir. 2012), wrongful foreclosure, Bittinger v. Wells Fargo Bank N.A., 744 F. Supp. 2d 619, 625 (S.D. Tex. 2010), or to block enforcement of a note, Orix Capital Mkts., LLC v. La Villita Motor Inns, J.V., 329 S.W.3d 30, 38–39 (Tex. App. 2010).  It does not, as far as the Court can tell, create an independent cause of action.  Plaintiffs do not refer to any authority indicating that

a person may be subject to liability under § 3.301 for attempting to enforce an instrument he is not entitled to enforce, and the Court cannot find any.

As for §§ 3.309 and 3.418(d) of the Texas Business and Commerce Code, Plaintiffs fail to plead any facts suggesting that those provisions are applicable in this case.  The former applies to the enforcement of a "lost" instrument, see Tex. Bus. & Com. Code § 3.309, and the latter applies to an instrument that is "paid or accepted by mistake," see Tex. Bus. & Com. Code § 3.418(b).  Plaintiffs do not allege that the Note is or was lost, or that it was paid or accepted by mistake.

Finally, Plaintiffs invoke § 3.203 of the Texas Business and Commerce Code, which states that a "transferee cannot acquire rights of a holder in due course by a transfer, directly or indirectly, from a holder in due course if the transferee engaged in fraud or illegality affecting the instrument."  Tex. Bus. & Com. Code  § 3.203.  Plaintiffs allege that the assignment of the Deed of Trust from New Century to Deutsche Bank was fraudulent because Defendants "transferr[ed] the notes and deeds of trust after the closing date of the PSA."  (SAC ¶ 13.)  The SAC does not contain any factual allegations that refer to a PSA, the closing date of a PSA, or the date the Note and Deed of Trust were transferred into a PSA.  Accordingly, this claim fails.

IV.    <u>Quiet Title</u>

       A suit to quiet title is an equitable action in which the plaintiff seeks

to remove from his title a cloud created by an allegedly invalid claim.  <u>Florey v.</u>

<u>Estate of McConnell</u>, 212 S.W.3d 439, 448 (Tex. App. 2006).  "Any deed,

contract, judgment or other instrument not void on its face that purports to convey

any interest in or make any charge upon the land of a true owner, the invalidity of

which would require proof, is a cloud upon the legal title of the owner."  <u>Wright v.</u>

<u>Matthews</u>, 26 S.W.3d 575, 578 (Tex. App. 2000).  "In a suit to remove a cloud

from his title, the plaintiff has the burden of supplying the proof necessary to

establish his superior equity and right to relief."  <u>Hahn v. Love</u>, 321 S.W.3d 517,

531 (Tex. App. 2009).  "The effect of a suit to quiet title is to declare invalid or

ineffective the defendant's claim to title."  <u>Gordon v. W. Hous. Trees, Ltd.</u>, 352

S.W.3d 32, 42 (Tex. App. 2011).

       To state a quiet title claim, a plaintiff must show: (1) an interest in a

specific property; (2) title to the property is affected by a claim by the defendant;

and (3) the claim, although facially valid, is invalid or unenforceable.  <u>U.S. Nat'l</u>

<u>Bank Ass'n v. Johnson</u>, No. 01-10-00837-CV, 2011 WL 6938507, at *3 (Tex.

App. Dec. 30, 2011) (citing <u>Sadler v. Duvall</u>, 815 S.W.2d 285, 293 n. 2 (Tex. App.

1991)).  A plaintiff further "must allege right, title, or ownership in himself or

herself with sufficient certainty to enable the court to see he or she has a right of ownership that will warrant judicial interference." <u>Wright</u>, 26 S.W.3d at 578.

In this case, Plaintiffs allege that they have "purchased the property and [have] a deed to the property." (SAC ¶ 15.) Assuming that Plaintiffs do, in fact, own the Property, Defendants' claim that they have the right to foreclose on the Property pursuant to the assignment of the Deed of Trust constitutes a "cloud" upon Plaintiffs' title. <u>Routh</u>, 2013 WL 427393, at *4 (noting that the "alleged right to foreclose constitutes a 'cloud' because it affects Plaintiffs' legal title to the property"). However, Plaintiffs fail to plead sufficient facts to support the third element of quiet title—namely, that "the claim, although facially valid, is invalid or unenforceable." <u>See</u> <u>Johnson</u>, 2011 WL 6938507, at *3.

Plaintiffs assert that Defendants' claim is unenforceable because the assignment of the Deed of Trust was fraudulent or forged (SAC ¶ 5), but fail to allege with sufficient particularity the circumstances constituting the alleged fraud as required by Federal Rule of Civil Procedure 9(b) ("Rule 9(b)"). <u>See</u> Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). Pursuant to the heightened pleading standard set forth in Rule 9(b), a plaintiff must "allege 'the particulars of time, place, and contents of the false representations,' as well as the identity of the

person making the misrepresentation and what that person obtained thereby,

otherwise referred to as the 'who, what, when, where, and how' of the alleged

fraud." U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc., 336 F.3d 375,

384 (5th Cir. 2003) (citations omitted).  The SAC does not allege any facts

corroborating Plaintiffs' speculative conclusion that the assignment is a "fake," and

its allegation that the person who executed the assignment was unauthorized to do

so is wholly conclusory.  The assignment itself states that New Century, by

Countrywide as Attorney-in-Fact, through its Assistant Vice President Stephen

Allen Johnson, assigned its interest in the Deed of Trust to Deutsche Bank.  (Mot.

Ex. 3.)  Plaintiffs do not allege any facts indicating who, precisely, was defrauded

or who made the alleged misrepresentation—did Stephen Allen Johnson himself

conspire to execute a fraudulent assignment?  Was he told to by Countrywide?  Did

Countrywide plan the fraud with Defendants?  And what was the purpose of the

alleged misrepresentation?  There does not appear to be any allegation that

Defendants defrauded New Century or vice versa, or that more than one entity is

seeking to assert ownership of the Deed of Trust and foreclose on Plaintiffs'

Property.  Accordingly, the Court concludes that Plaintiffs have failed to state a

claim upon which relief can be granted.

V.     Texas Civil Practice and Remedies Code § 12.002

Plaintiffs allege that Defendants violated § 12.002 of the Texas Civil Practice and Remedies Code by filing with the Bexar County Clerk the allegedly fraudulent assignment.  (SAC ¶ 16.)   Section 12.002 states:

> A person may not make, present, or use a document or other record with:
>
> (1)   knowledge that the document or other record is a fraudulent court record or a fraudulent lien or claim against real or personal property or an interest in real or personal property;
>
> (2)   intent that the document or other record be given the same legal effect as a court record . . . evidencing a valid lien or claim against real or personal property or an interest in real or personal property; and
>
> (3)   intent to cause another person to suffer:
>    (A)   physical injury;
>    (B)   financial injury; or
>    (C)   mental anguish or emotional distress.

Tex. Civ. Prac. & Rem. Code. § 12.002.  Defendants seek to dismiss this claim on the ground that an assignment does not constitute a lien or claim against real property, as required by the statute.  (Mot. at 15–16.)  They point out that this Court, in a case similar to this one, held that an assignment does not fall within the ambit of § 12.002 because it "does not purport to create a lien or claim; it merely purports to transfer an existing deed of trust from one entity to another."  Saucedo, 2013 WL 656240, at *5 (quoting Marsh v. JPMorgan Chase Bank, N.A., 888 F. Supp. 2d 805, 813 (W.D. Tex. 2012)).  However, the Court subsequently held that an assignment of a deed of trust does constitute a claim against real property,

23

relying upon <u>Bernard v. Bank of America, N.A.</u>, No. 04–12–00088–CV, 2013 WL 441749 (Tex. App. Feb. 6, 2013), a recently-decided Texas Court of Appeals opinion.  <u>Howard v. JPMorgan Chase, N.A.</u>, SA-12-CV-00440-DAE, 2013 WL 1694659, at *12 (W.D. Tex. Apr. 18, 2013).  In <u>Bernard</u>, the court held that a "Substitution of Trustee" document is a "claim" against real property within the meaning of Chapter 12.  2013 WL 441749, at *4.  This Court, analogizing an assignment of a deed of trust to a "Substitution of Trustee," concluded that "the assignment of a deed of trust therefore creates a claim" to an interest in real property.  <u>Howard</u>, 2013 WL 1694659, at *12.

Nevertheless, regardless of whether the assignment of the Deed of Trust falls within the purview of § 12.002(a), Plaintiffs have failed to state a claim. As the Court has noted, Plaintiffs have failed to plausibly allege facts indicating that Defendants made, presented, or used a <u>fraudulent</u> document.  Furthermore, Plaintiffs fail to allege any facts that would plausibly suggest that Defendants caused them physical or financial injury, mental anguish, or emotional distress, let alone that Defendants <u>intended</u> to do so.  Merely parroting the statute, as Plaintiffs do in the SAC, does not suffice.  See <u>Twombly</u>, 550 U.S. at 555 ("[A] formulaic recitation of the elements of a cause of action will not do.").

VI.    <u>Breach of Contract</u>

In the alternative, Plaintiffs assert a cause of action for breach of contract, stating that "in the event that Defendant is the holder [of the Note]," its "attempts at foreclosure . . . constitute[] a material breach of contract."  (SAC ¶ 18.)  Defendants argue that this claim must be dismissed because Plaintiffs fail to allege that they performed, and Plaintiffs fail to allege that Defendants breached the terms of the Note.  (Mot. at 16–18.)

Under Texas law, "[t]he elements of a breach of contract claim are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff resulting from that breach."  Wright v. Christian & Smith, 950 S.W.2d 411, 412 (Tex. App. 1997).  Assuming that Defendants hold the Note, Plaintiffs' claim fails nonetheless because they do not allege that they have performed. Plaintiffs make a vague allegation that "Defendant has been paid [according to the terms of the Note] in part via multiple insurance policies and credit default swaps" (SAC ¶ 18), but do not allege facts sufficient to demonstrate that the payments satisfied Plaintiffs' obligations under the Note.  See Martinez v. Wells Fargo Bank, N.A., No. SA-12-CV-789-XR, 2013 WL 1562759, at *9 (W.D. Tex. Apr. 12, 2013).  "It is a well established rule that a party to a contract who is himself in default cannot maintain a suit for its breach."  Dobbins v. Redden, 785 S.W.2d

25

377, 378 (Tex. 1990) (internal quotation marks omitted).

IV.     Injunctive and Declaratory Relief

    In addition to damages, Plaintiffs seek an injunction and a declaratory judgment that Defendants are not "the proper assignee of the deed of trust" and do not have "a proper endorsement of the Note"; that "[b]ecause the assignment of the deed of trust and/or endorsement of the note was procured by fraud or illegal reasons" Defendants have no right to enforce the security instruments; and a declaration, if Defendants are the holder of the Note, of "the correct amount due and payable."  (SAC ¶ 11.)

    Plaintiffs seek declaratory relief under the Texas Declaratory Judgment Act, Tex. Civ. Prac. & Rem. Code Ann. § 37.009.  (SAC ¶ 10.) However, the Fifth Circuit has held that the Texas Declaratory Judgment Act is a procedural rule that does not apply in federal court, see Utica Lloyd's of Tex. v. Mitchell, 138 F.3d 208, 210 (5th Cir. 1998), and federal district courts have taken that to mean that when a declaratory judgment action filed in state court is removed to federal court, "that action is in effect converted into one brought under the federal Declaratory Judgment Act,"  Redwood Resort Props., LLC v. Holmes Co., No. 3:06-CV-1022-D, 2007 WL 1266060, at *4 (N.D. Tex. Apr. 30, 2007); see also Routh, 2013 WL 427393, at *13 ("In this case, . . . the Federal Declaratory

26

Judgment Act applies rather than the Texas Declaratory Judgment Act because both acts are procedural and federal courts apply their own procedural rules.").  To be entitled to declaratory relief under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, a plaintiff must allege facts demonstrating that there exists "a substantial and continuing controversy between the two adverse parties."  <u>Bauer v. Texas</u>, 341 F.3d 352, 358 (5th Cir. 2003).  Thus, in the absence of a live substantive claim, Plaintiffs' request for a declaratory judgment must be dismissed. <u>See, e.g.</u>, <u>Marsh</u>, 2012 WL 3756276, at *9.

Finally, Plaintiffs' preliminary injunction is denied.  Plaintiffs may not seek a preliminary injunction in a complaint.  Pursuant to Local Rule CV-65, "[a]n application for a temporary restraining order or preliminary injunction shall be made in an instrument separate from the complaint."  Moreover, for the reasons explained above, Plaintiffs have not pled a single viable cause of action; thus, their claim for injunctive relief fails.  <u>See</u> <u>Pajooh v. Harmon</u>, 82 F. App'x 898, 899 (5th Cir. 2003) (affirming district court's denial of injunctive relief when plaintiff failed to state a claim).

<u>CONCLUSION</u>

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss.  (Doc. # 22.)  Plaintiffs have not sought leave to amend.  Accordingly,

Plaintiffs' claims are **DISMISSED**.

IT IS SO ORDERED.

DATED: San Antonio, Texas, April 29, 2013.

_____
David Alan Ezra
Senior United States District Judge